Taylor G. Ostrowski, WSB# 8-7037
Montgomery | Amatuzio
4100 E. Mississippi Ave
Suite 1600
Denver, Colorado 80246
Phone: 303-592-6600
Fax: 303-592-6666
tostrowski@mac-legal.com
*Attorneys for Defendant Roger Rekate and*
*Advisor Ink Financial the d/b/a of Daring*
*to Dream, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JOHN MANSKE and YVONNE BANKS, | )<br>) |
| Plaintiffs, | )<br>) |
| | ) Civil Action No.: 1:24-cv-143 |
| vs. | )<br>) |
| ROGER REKATE, ADVISOR ONE, LLC, and ADVISOR INK FINANCIAL, the D/B/A of DARING TO DREAM, INC., | )<br>)<br>)<br>) |
| Defendants | )<br>) |

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

Defendants ROGER REKATE, and ADVISOR INK FINANCIAL, the D/B/A of DARING TO DREAM, INC. ("Advisor Ink Financial") (collectively, "Defendants"), by and through their counsel, Montgomery | Amatuzio, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1445. As grounds, Defendants state as follows:

**BACKGROUND**

1. On June 21, 2024, Plaintiffs John Manske and Yvonne Banks filed a Complaint against Roger Rekate; Advisor One, LLC; and Advisor Ink Financial, the d/b/a of Daring to Dream,

1

Inc., in the Park County District Court, Wyoming, entitled *John Manske and Yvonne Banks v. Roger Rekate, Advisor One, LLC, and Advisor INK Financial, the D/B/A of Daring to Dream, Inc.*, Case No. 30936 (the "State Court Action"). **Exhibit A**, Complaint.

2. According to the Complaint, this matter arises from an alleged negligent sale of insurance products and investment advisory services that Plaintiffs claim occurred between May 2022 and June 2024. *See*, Ex. A at ¶¶ 22-65.

3. Based on these allegations, Plaintiffs assert claims against Mr. Rekate; Advisor One, LLC; and Advisor Ink Financial for breach of fiduciary duties and negligence, negligent supervision, bailment, vicarious liability, and damages. Ex. A at pgs. 10 -11.

4. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

## GROUNDS FOR REMOVAL

5. This removal is based on diversity of citizenship. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are citizens of a different state than Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

7.   Pursuant to 28 U.S.C. § 1446(b)(2)(A), all "properly joined and served" defendants must consent to removal. Advisor One consents to removal.

## THE PARTIES' CITIZENSHIP

8.   To meet the diversity requirement of 28 U.S.C. § 1332(a), there must be "complete diversity" between plaintiffs and defendants, meaning that no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The diversity requirement of § 1332(a) is satisfied here, as the parties are completely diverse.

9.   Advisor One, LLC is, and was, at the time this action and the Notice of Removal was filed, a Missouri corporation with its principal place of business at 3889 Chadwick Rd. Chadwick, MO 65629. **Exhibit B**, Missouri Secretary of State Corporate Summary. Accordingly, Advisor One is a citizen of Missouri for purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)).

10.   Advisor Ink Financial is, and was a the time this action and the Notice of Removal was filed, a d/b/a of Daring to Dream, Inc., a Missouri business with its principal place of business at 2627 W. Republic Rd., Springfield, MO 65807. **Exhibit C**, Missouri Secretary of State Registration of Fictitious Name.  Accordingly, Advisor Ink Financial is a citizen of Missouri for purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Depex Reina 9*

*P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)).

11. Plaintiffs contend that "[a]t all times relevant hereto, Plaintiffs were residents of Park County, Wyoming." Ex. A at ¶ 1. Plaintiffs' Complaint alleges their home is in Park County Wyoming. Ex. A. at ¶ 15.

12. A comprehensive public records report from WestLaw PeopleMap lists Plaintiff John Manske's most recent address as 8 Road 2BC, Cody, Wyoming 82414-8403, and reports that this has been his address since 2021. **Exhibit D,** Westlaw People Map – Manske.

13. A comprehensive public records report from WestLaw PeopleMap lists Plaintiff Yvonne Banks' most recent address as 8 Road 2BC, Cody, Wyoming 82414-8403, and reports that this has been his address since 2005. **Exhibit E,** Westlaw People Map – Banks.

14. Plaintiffs are domiciled in Wyoming. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (holding, for purposes of diversity jurisdiction, an individual is a citizen of a state if the person is domiciled there and, a person acquires domicile in a state by residing there and intending to remain indefinitely.) Therefore, complete diversity among the parties existed at the time Plaintiff filed the suit in state court, and there is complete diversity among the parties at the time this Notice of Removal was filed because Defendants do not, and did not, share a common state of citizenship with Plaintiff.

## THE AMOUNT IN CONTROVERSY

15. In accordance with 28 U.S.C. § 1332(b), the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

16. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" under the same "short and plain"

standard applicable to pleading generally. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)

17. Plaintiffs allege that Defendants managed approximately $1.2 million of Plaintiffs' assets. Ex. A, at ¶ 18. Plaintiffs also allege that Defendants breached their fiduciary duty and acted negligently in the handing of Plaintiffs' funds. *E.g.*, Ex. A at ¶¶ 75-82; 91-92. Furthermore, Plaintiffs' assert damages for past, present, and future economic losses, loss of opportunity, loss of income from the investment portfolios, damage to business interests, tax liability due to alleged inappropriate liquidation, costs of the suit, attorneys' fees, and interest. Ex. A. ¶ 99.

18. Plaintiffs allege their claims against Defendants exceed the $50,000 jurisdictional limit of Wyo. Stat. Ann. § 5-9-128(a). Ex. A, ¶ 19.

19. Given the Plaintiffs' allegations, it is plausible that the amount in controversy exceeds the jurisdictional threshold.

## REMOVAL IS TIMELY AND PROPER

20. The timing for removal is controlled by 28 U.S.C. § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

21. Defendants were served in Missouri on June 28, 2024. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because Defendants have filed within thirty (30) days of service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin running until service is perfected).

22.     Venue properly lies in the United States District Court for the District of Wyoming pursuant to 28 U.S.C § 1441(a) because this district embraces the place where the State Court Action is pending.

23.     Pursuant to D.C.Wyo.LCivR 81.1, Defendants represent that there are no motions pending or hearings scheduled in the State Court Action.

24.     Thus, the State Court Action may be removed to this Court by Defendants and in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the District of Wyoming; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.     Pursuant to 28 U.S.C. § 1446(6), Defendants will promptly serve Plaintiffs with written notice of the filing of this Notice of Removal and file a copy in the State Court Action.

26.     The documents required by D.C.Wyo.LCivR 81.1 and 28 U.S.C. § 1446(a) and which have been filed in this matter in the District Court for Park County, State of Wyoming, are attached to this Notice of Removal as specifically-referenced exhibits or otherwise labeled as **Exhibit F**. The current state court docket sheet is being filed contemporaneously under separate cover. Defendants will also separately file each pending motion, petition, and related response if any.

27.     By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

WHEREFORE, Defendants Roger Rekate and Advisor Ink Financial hereby removes the above-captioned action from the District Court, Park County, Wyoming, and requests that further proceedings be conducted in this Court as provided by law.

Filed on July 26, 2024.

MONTGOMERY | AMATUZIO

/s/Taylor Ostrowski
Taylor G. Ostrowski, WSB# 8-7037
Montgomery | Amatuzio
4100 E. Mississippi Ave
Suite 1600
Denver, Colorado 80246
Phone: 303-592-6600
Fax: 303-592-6666
tostrowski@mac-legal.com
*Attorneys for Defendant Roger Rekate and Advisor Ink Financial the d/b/a of Daring to Dream, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing was served upon the below individuals in the manner identified, on this 26th day of July 2024.

| | |
|---|---|
| David M. Hill, WSB#7-6306<br>BURG SIMPSON ELDREDGE<br>HERSH & JARDINE, P.C.<br>1135 14th Street<br>Cody, WY 82414<br>307-527-7891<br>dhill@burgsimpson.com<br>*Attorney for Plaintiff* | [   ] US Mail<br>[ X ] Email<br>[   ] Facsimile<br>[   ] Federal Express |

/s/Jessica Blanton
MONTGOMERY | AMATUZIO
